UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIELLE S.,

              Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. C19-405-BAT

**ORDER**

Plaintiff Gabrielle S. seeks review of the denial of her application for Supplemental Security Income. She contends the ALJ misevaluated the medical opinion evidence and erred in assessing her residual functional capacity. Dkt. 10. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for an immediate award of benefits.

## BACKGROUND

Plaintiff is currently 35 years old, completed the 8th grade, and has no past relevant work. Tr. 35, 38-40. In June 2013, she applied for benefits, alleging disability as of September 2004. Tr. 154. The Social Security Administration issued a final decision finding her not disabled and denying her application. Tr. 1, 10-20. Plaintiff sought review and this court issued a decision reversing and remanding the case for further administrative proceedings. Tr. 514-26. On remand, the ALJ conducted another hearing and, on January 17, 2019, issued a second decision finding

ORDER - 1

plaintiff not disabled. Tr. 433-46. Plaintiff again seeks review by this court.

**THE ALJ'S DECISION**

Utilizing the five-step disability evaluation process,[1] the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date; she had the following severe impairments: obesity, affective disorder, anxiety disorder, and posttraumatic stress disorder; and these impairments did not meet or equal the requirements of a listed impairment.[2] Tr. 435-37. The ALJ found that plaintiff had the residual functional capacity to perform light work with additional postural and environmental limitations; she had limitations on the complexity of the work, the amount and nature of contact with others, and changes in the work environment; and she would be off-task up to 10% of the workday and may have 4 unexcused absences in a year. Tr. 438. The ALJ found that plaintiff had no past relevant work but, as there were jobs that exist in significant numbers in the national economy that she could perform, she was not disabled. Tr. 445-46.

**DISCUSSION**

**A.  Medical opinions**

Plaintiff argues that the ALJ erred by improperly rejecting all the opinions from treating and examining providers in favor of the opinions from nonexamining state agency psychologists. Dkt. 10 at 5. The ALJ gave little weight to the opinions from treating social worker Caitlin Cotter, LICSW, examining psychologist Barbara Lui, Ph.D., examining psychologist Kenneth Hapke, Ph.D., examining physician Kathleen Andersen, M.D., examining psychologist Jan Kouzes, Ed.D., and treating social worker Alana Honigman, LICSW; the ALJ gave significant

---

[1] 20 C.F.R. § 416.920.

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

weight to the opinions of the state agency psychological consultants, Dr. van Dam and Dr. Clifford. Tr. 441-42.

In general, the ALJ should give more weight to the opinion of a treating doctor than to that of a non-treating doctor, and more weight to the opinion of an examining doctor than to that of a non-examining doctor. 20 C.F.R. § 416.927; *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). The ALJ must give specific and legitimate reasons for rejecting a treating or examining doctor's opinion that is contradicted by another doctor, and clear and convincing reasons for rejecting a treating or examining doctor's uncontradicted opinion. Lester, 81 F.3d at 830-31. An ALJ does this by setting out a detailed and thorough summary of the facts and conflicting evidence, stating her interpretation of the facts and evidence, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ must do more than offer her conclusions; she must also explain why her interpretation, rather than the treating doctor's interpretation, is correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). The opinion of a non-examining doctor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

Licensed social workers are not acceptable medical sources who can give medical opinions. The ALJ may evaluate opinions of other medical sources using the same factors used to evaluate medical opinions of acceptable medical sources. 20 C.F.R. § 419.927(f). The ALJ must give specific, germane reasons for rejecting opinions from other sources that are not acceptable medical sources. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

The ALJ found that the treating and examining providers' opinions were inconsistent with the nature of plaintiff's treatment, which the ALJ found appeared to be more focused on

ORDER - 3

methadone maintenance, situational stressors, parental support, relapse prevention, life skills, and family support rather than on addressing plaintiff's mood, anxiety, and PTSD symptoms. Tr. 442. The ALJ found that if plaintiff's mental condition was as severe as these providers assessed, one would expect that her treatment would be tailored to deal with that condition. *Id.* In making this finding, the ALJ essentially takes on the role of a doctor, giving his opinion about what type of treatment plaintiff should have received. The ALJ does not cite to any evidence to support this finding or explain how addressing the issues he identifies was not appropriate treatment for plaintiff's mental impairments or the symptoms she and her treating providers identified. The ALJ may not substitute his own interpretation of the medical evidence for the opinion of a medical professional. *See Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999). This was not a valid reason to reject these opinions.

The ALJ also found these opinions to be inconsistent with the benign mental status examination findings during appointments, including findings of normal affect, cooperative behavior, appropriate motor activity, appropriate speech, normal thought processes, normal perceptual processes, full orientation, intact memory, average intellectual functioning, and normal judgment and insight. Tr. 443. The ALJ referred to his discussion of mental status examinations in his evaluation of plaintiff's subjective testimony, where he identified four mental status examinations with normal findings. Tr. 439 (citing Tr. 232, 253-54, 406, 654-55). Two of these were notations made at appointments for plaintiff's prediabetes that stated, in full: "Appropriate affect, goal-directed thought." Tr. 232, 406. One of them included the findings the ALJ identified but also findings of unkempt appearance and poor hygiene, flat affect, depressed and anxious mood. Tr. 654. These were the only four mental status examinations the ALJ relied on to discount six treating and examining opinions. But four mental status examinations, two of

which were documented with only five words, do not constitute substantial evidence sufficient to undermine the opinions of four examining psychologists and psychiatrists and two treating social workers. *See Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (reviewing court must consider the record as a whole and may not affirm by isolating a specific quantum of supporting evidence). This was not a valid reason to discount these opinions.

The ALJ found that treatment notes from group counseling sessions did not document significant problems with depression, anxiety, or PTSD, and that the examining doctors were unaware of the longitudinal evidence because they reviewed either minimal or no evidence. Tr. 443. The ALJ again substituted his own interpretation of the medical evidence when deciding what information these notes should have contained. And the fact that the examining doctors did not see the four mental status exams the ALJ identified does not undermine their opinions, which were based on their own clinical examinations. These reasons also do not pass muster to reject these opinions.

The ALJ found that the opinions were inconsistent with plaintiff's activities, which included being the primary caregiver for her young daughter, her ability to sustain a romantic relationship, and her ability to maintain a regular schedule, including attending group classes each week and going out almost daily to obtain her methadone. Tr. 443. Although the ALJ may consider daily activities that are transferrable to a work setting, the ALJ may not penalize a claimant for attempting to live a normal life in the face of her limitations. *See Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987). The ALJ has not identified how the activities he identified were transferrable to a work setting or explained how they contradict the doctors' opinions or plaintiff's reports to them. This was not a valid reason to discount the doctors' opinions.

Finally, the ALJ found that the opinions relied in part on plaintiff's subjective statements, which the ALJ found to be not fully reliable. Tr. 443. But an ALJ does not provide adequate reasons for rejecting an examining doctor's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). None of these doctors discredited plaintiff's statements to them, and they all supported their opinions with their own clinical examination and observations. This was not a valid reason to discount the opinions.

The ALJ provided additional reasons specific to some of these opinions for rejecting them. With respect to Dr. Andersen's opinion, the ALJ found that the doctor's opinion that plaintiff would need extensive supervision and instruction even in carrying out simple, straightforward tasks was inconsistent with plaintiff's ability to care for her young daughter without supervision and with her report that she is independent in more "advanced" activities such as cooking, cleaning, laundry, and other housework. Tr. 443-44. The ALJ again improperly relied on plaintiff's attempts to live a normal life to discount a medical opinion without identifying any activities that are transferrable to a work setting.

The ALJ also found that Dr. Andersen's opinion appeared to highlight plaintiff's lack of work history as a basis for why she cannot work, but her limited work history appeared largely due to her criminal history and is a vocational factor, not a medical one. Tr. 444. Dr. Andersen's opinion included some statements regarding vocational factors, including: "I cannot picture her successfully finding and maintaining employment," "She has no marketable skills," and "Again, there is no place in her history where she has had to perform tasks consistently over anything like a normal work shift." Tr.230. The ALJ need not give any special significance to an opinion on an

issue reserved to the Commissioner, such as an opinion that a claimant is "disabled" or "unable to work." 20 C.F.R. § 404.1527(d). But Dr. Andersen's opinion included detailed opinions about plaintiff's functional limitations, including difficulties with concentration, memory, fund of knowledge, need for supervision and instruction, judgment, stress tolerance, ability to engage in appropriate behavior in a workplace and more. Tr. 230. The fact that she also included statements on vocational factors does not negate her entire opinion. This was not a valid reason to reject her opinion.

With respect to Ms. Cotter's and Ms. Honigman's opinions, the ALJ noted that they are not acceptable medical sources; he therefore gave greater weight to the opinions of the consulting doctors. Tr. 444. The ALJ also found that their opinions were not corroborated by their own treatment notes, which contained only two mental status examinations that were essentially normal and did not document significant problems with depression and anxiety. *Id.* The latter reason is the same invalid reason the ALJ gave to reject all the treating and examining source opinions together. And while an ALJ may give greater weight to an acceptable medical source than a non-acceptable source, given the ALJ's errors in evaluating all the other treating and examining medical opinions, the court finds that the ALJ's decision to rely on the consulting doctors' opinions in discounting these opinions is no longer supported by substantial evidence. The ALJ erred in rejecting these opinions.

With respect to Dr. Kouzes's opinion, the ALJ found that it was internally inconsistent with his own examination findings, which the ALJ found supported some limitations but not marked limitations as Dr. Kouzes found. Tr. 444. The ALJ again offered his interpretation of the medical evidence without explaining why his interpretation, rather than the doctor's, was correct.

This again fails as a reason to reject the doctor's opinion. *Orn*, 495 F.3d at 632 (citing *Embrey*, 849 F.2d at 421-22).

The ALJ failed to give specific and legitimate reasons supported by substantial evidence for rejecting the opinions of four examining psychologists and psychiatrists, and failed to provide specific, germane reasons supported by substantial evidence for rejecting the opinions of two treating social workers.

Plaintiff asks the court to remand this case for an award of benefits. The court may remand for an award of benefits where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Courts have flexibility in applying this rule and may instead remand for further proceedings where the record as a whole "creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

The Court finds that the conditions for an award of benefits are met. First, after two hearings, the record is fully developed, and further administrative hearings would not be useful. Second, the ALJ failed, for the second time, to give legally sufficient reasons for rejecting Dr. Andersen's opinion. The ALJ also failed in the most recent decision to give legally sufficient reasons for rejecting all other treating and examining source opinions. And third, the court finds that if the improperly discredited evidence were credited as true, the ALJ would be required to find plaintiff disabled on remand. Dr. Andersen opined, among other limitations, that plaintiff would need extensive supervision and instruction to be able to carry out simple, straightforward

tasks. Tr. 230. The VE testified that a person who would need additional supervision and redirection from their supervisor twice a day every day, beyond a learning period, would most likely not be able to maintain a job. Tr. 566. In the first decision reversing and remanding this case, this court has already noted that fully crediting Dr. Andersen's opinion "would lead to a different RFC, and likely to a finding of disability." Tr. 521. The court now concludes that crediting Dr. Andersen's opinion along with all the other evidence the ALJ improperly rejected would require a finding of disability. Finally, the court finds no reason to exercise flexibility in applying the credit-as-true rule, as a review of the record as a whole does not create serious doubt that plaintiff is disabled. The court therefore remands this case for an award of benefits.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for an award of benefits.

DATED this 13th day of September, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge